# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL HOWELL, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 14-CV-0608-CVE-PJC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner, Social | ) |
| Security Administration | ) |
| | ) |
| | ) |
|       **Defendant.** | ) |

## OPINION AND ORDER

Before this Court is the Report and Recommendation (Dkt. # 21) of Magistrate Judge Paul J. Cleary recommending that the Court reverse the decision of the Commissioner of the Social Security Administration denying plaintiff Social Security disability benefits and remand the case for further consideration. Defendant has filed an objection (Dkt. # 22) to the report and recommendation and seeks affirmance of the Commissioner's decision, arguing that the Administrative Law Judge (ALJ) committed no error in evaluating the severity of plaintiff's impairments and that a single treatment note upon which the magistrate judge premised his recommendation was not a proper part of the record on judicial review. Plaintiff responds that magistrate judge correctly determined that the ALJ's decision should be reversed and the case remanded for further consideration of the severity of plaintiff's psoriasis and argues that defendant has waived her argument for affirmance by failing to raise it prior to her objection. Dkt. # 23.

**I.**

On July 27, 2011, plaintiff protectively filed an application for Title II disability benefits.[1] Dkt. # 11, at 35. Plaintiff's application stated that he suffered from various physical impairments that left him unable to work, including knee pain in both of his knees; arthritis in his shoulders, elbows, ankles, and wrists; psoriasis; and a heart condition. Id. at 76. Plaintiff's claims were denied initially on September 20, 2011, and upon reconsideration on November 15, 2011. Id. at 35. Plaintiff requested a hearing before an ALJ and that hearing was held on March 4, 2013. Id.

Plaintiff appeared at the hearing and was represented by an attorney. Id. Plaintiff was 48 years old at the time of the hearing and testified that he lived with his parents. Id. at 77. Plaintiff left school after completing the eighth grade. Id. Plaintiff testified to a variety of physical complaints, including back pain; pain in both knees; psoriasis; arthritis in his shoulders, elbows, ankles, and wrists; and a heart condition. Id. at 79, 82, 86. For these ailments, plaintiff took a number of prescription and over the counter medications. Id. at 83-84. Plaintiff testified that the joint pain and psoriasis severely limited his ability to sleep or perform normal daily functions because he could not remain still for significant periods. Id. at 79-82, 84-86. He testified that he required the use of a cane three to four days a week due to his knee ailment and explained that he spent roughly fifty percent of each day lying down. Id. at 81. Plaintiff also described the extent of his psoriasis, explaining that it occurred all over his body and caused severe itching. Id. at 84-85.

---

[1] As the magistrate judge noted in his report and recommendation, the administrative record is not clear regarding the date of plaintiff's application, but the ALJ's decision states that plaintiff filed an application with a protective filing date of July 27, 2011. Dkt. # 11, at 35. The Court utilizes this date for the purposes of this opinion and order.

On March 25, 2013, the ALJ issued a written decision finding that plaintiff was not disabled. Id. at 45. The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date and that plaintiff had severe impairments affecting his ability to work, including degenerative disease of the right knee, history of mild congestive heart failure, chronic obstructive pulmonary disease in smoker, and obesity. Id. at 37. The ALJ stated that plaintiff had a history of psoriasis, but noted that the record demonstrated that treatment significantly improved the condition and concluded that plaintiff's psoriasis was a non-severe impairment. Id. The ALJ further found that plaintiff did not have an impairment or combination of impairments that was equivalent to one of those listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. at 38. The ALJ then formulated plaintiff's residual functional capacity (RFC), taking into account the medical evidence and testimony. Id. He found that plaintiff had the RFC to occasionally lift and/or carry 10 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk for at least two hours out of an eight-hour workday, sit for at least six hours out of an eight-hour work day, and that plaintiff should avoid concentrated exposure to dust or fumes. Id. The ALJ concluded that plaintiff could not perform any past relevant work, but that plaintiff could perform other jobs existing in significant numbers in the national economy. Id. at 43. He concluded by stating that plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and finding that plaintiff was not disabled. Id. at 44.

On August 6, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Id. at 5. Prior to the Appeals Council decision but subsequent to the ALJ's decision, plaintiff submitted additional medical evidence from the period of April 8, 2013 to September 5, 2013. Id. at 6. The Appeals Council declined to consider this evidence because the ALJ decided

plaintiff's case on March 25, 2013, and the additional evidence concerned a later time period. Id. Plaintiff thereafter sought judicial review, arguing that the ALJ erred in evaluating plaintiff's impairments, specifically his psoriasis and the condition of his right knee, and erred in evaluating plaintiff's credibility. Dkt. # 12, at 5, 8. The Court referred the case to the magistrate judge, who entered a report and recommendation recommending that the Court reverse the ALJ's decision and remand the case for further consideration because the ALJ's assessment of plaintiff's psoriasis was not supported by substantial evidence, resulting in a failure to consider all of plaintiff's impairments in combination. Dkt. # 21, at 11. The magistrate judge specifically identified a treatment note from one of defendant's physicians, dated April 29, 2013, that stated that plaintiff's condition required a dermatologist and possibly a stronger medication. Id. at 12; Dkt. # 11, at 10. Defendant has objected to the report and recommendation, asserting that the magistrate judge's recommendation is based on a single treatment note unrelated to the time period of the ALJ's decision that plaintiff submitted to the Appeals Council after the ALJ's written decision. Dkt. # 22, at 1-2. Defendant also asserts that, even considering the treatment note, the ALJ did not err in concluding plaintiff's psoriasis was a non-severe impairment. Id. at 2-3. Plaintiff responds that the magistrate judge correctly concluded that the ALJ erred in his evaluation of the severity of plaintiff's psoriasis and that the case should be remanded for further consideration, including the later-submitted treatment note, and asserts that defendant waived her argument. Dkt. # 23, at 2.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation.

Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

### III.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five-step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id.* An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record

or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The ALJ decided the case at step five of the analysis, concluding that plaintiff could perform other jobs existing in significant numbers in the national economy. Dkt. # 11, at 43. Having so decided, the ALJ found plaintiff not disabled and denied his claim for benefits. Id. at 44. The magistrate judge recommended that the ALJ's decision be reversed and remanded. Dkt. # 21, at 14. The magistrate judge concluded that the ALJ's analysis at step two was in error because, in evaluating the severity of plaintiff's impairments, the ALJ gave only cursory consideration to plaintiff's psoriasis. Id. at 12. However, because an error at step two is harmless so long as the ALJ finds at least one condition to be severe, the magistrate judge determined that this error alone did not warrant reversal. Id. But the magistrate judge also concluded that, because plaintiff's psoriasis could have had an effect on his ability to perform basic work activities, the ALJ's decision should be reversed and remanded for further consideration of the severity of plaintiff's psoriasis. Id. at 12-13. The magistrate judge specifically mentioned a treatment note from plaintiff's physician dated April 29, 2013, roughly a month after the ALJ's decision, as evidence that plaintiff's psoriasis was more serious than the ALJ credited in his decision. Id.

In her objection, defendant contends that the ALJ did not err in assessing the severity of plaintiff's psoriasis, arguing that the treatment note referenced by the magistrate judge should not be considered because it was submitted after the ALJ's decision. Dkt. # 22, at 2-3. Defendant also argues that, even if the treatment note is a part of the record on review, it does not provide an

adequate basis for remand because the ALJ's decision is supported by substantial evidence. Id. at 3. Plaintiff responds that defendant did not raise the issue of the later-submitted treatment note in its brief before the magistrate judge, thereby waiving any such argument, or in the alternative, that the magistrate judge correctly concluded that the treatment note warranted remand for reconsideration of the severity of plaintiff's psoriasis. Dkt. # 23, at 2.

The Court first addresses plaintiff's argument that defendant waived her argument about the later-submitted treatment note by not raising it in her response brief to the magistrate judge. Id. In the Tenth Circuit, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001); see also Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Plaintiff's argument that defendant waived any objection to the later-submitted treatment note is unpersuasive. In her response to plaintiff's opening brief, defendant responded to plaintiff's argument that the ALJ failed to properly consider the severity of plaintiff's psoriasis. Dkt. # 17. Although defendant did not specifically reference the treatment note, defendant argued more generally about the nature of the evidence concerning plaintiff's psoriasis and addressed the substance of plaintiff's argument. See id. at 3-7. Defendant was not under any obligation to specifically rebut every individual piece of evidence, particularly the later-submitted treatment note that defendant argues is not a part of the record. Defendant has therefore not waived her argument.

In her objection, defendant asserts that this later-submitted treatment note may not be considered, asserting that the additional evidence does not concern the relevant time period before the ALJ entered his decision. Dkt. # 22, at 2. The Appeals Council must consider additional

7

evidence submitted with a request to review an ALJ's decision if the evidence is "(a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision." Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004) (citing 20 C.F.R. §§ 404.970(b) and 416.1470(b)). It is a question of law for the Court to decide whether the evidence meets these qualifications. Id. The Tenth Circuit has summarized the relevant principles as follows:

> [i]f the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. If the evidence does qualify and the Appeals Council considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard. Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings.

Id. (citations omitted).

Here, the treatment note upon which the magistrate judge relied in determining that the ALJ did not properly evaluate the severity of plaintiff's psoriasis was dated April 29, 2013. Dkt. # 11, at 10. The ALJ issued his decision on March 25, 2013. Id. at 45. Defendant does not challenge whether the evidence is new and material, asserting only that the evidence is temporally irrelevant. Dkt. # 22 at 1-2. The April 29, 2013 treatment note does not relate to the period on or before the date of the ALJ's decision. The treatment note assesses plaintiff's psoriasis as it presented over a month after the ALJ's decision and the magistrate judge provided no explanation as to how it satisfied the legal standard for submission of additional evidence to the Appeals Council. The magistrate judge instead mentioned only that the treatment note was a part of the judicial record. Dkt. # 21, at 12-13. The magistrate judge did not, however, discuss whether the Appeals Council considered the evidence or whether the Appeals Council properly made such a determination. See id. A treatment note assessing plaintiff's condition on a date subsequent to the date of the ALJ's

8

decision is not related to the period on or before the date of the ALJ's decision. See Boone v. Apfel, 1999 WL 668253, at *3 (10th Cir. Aug. 26, 1999)[2] (declining to consider additional evidence of treating physician when it was dated after the ALJ's decision, even though evidence discussed plaintiff's prior medical history). The Appeals Council properly declined to consider this evidence and the magistrate judge should not have considered it in his report and recommendation.

Defendant also asserts that, even if this treatment note may be considered, it does not provide an adequate basis for remand because substantial evidence supports the ALJ's finding that plaintiff's psoriasis was a non-severe impairment. Dkt. # 22, at 2-3. Although the Court concludes that the magistrate judge should not have considered the later-submitted treatment note, the Court will consider whether the ALJ's decision regarding the severity of plaintiff's psoriasis is supported by substantial evidence. The ALJ, in concluding that plaintiff's psoriasis constituted a non-severe impairment, explained that plaintiff "has a history of psoriasis; however, the records . . . indicate this is much improved with treatment." Dkt. # 11, at 37. This is the only mention of plaintiff's psoriasis in the ALJ's decision and appears to based upon a single entry in plaintiff's medical records. See id. This cursory treatment of plaintiff's condition is insufficient to support the ALJ's conclusion that plaintiff's condition did not constitute a severe impairment, particularly in light of medical records detailing plaintiff's long-standing condition, plaintiff's testimony at the hearing in which he explained the extent of the condition and the resulting limitations, and photographs plaintiff submitted showing the extent of his psoriasis. See, e.g., Dkt. # 11, at 84; Dkt. # 11-7F; Dkt. # 11-13F. The ALJ failed to meaningfully account for this evidence in his decision, and the Court cannot

---

[2] This and other unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

conclude that substantial evidence supported his determination that plaintiff's psoriasis was a non-severe impairment.

In sum, the ALJ's conclusion that plaintiff's psoriasis was a non-severe impairment is not supported by substantial evidence and, for that reason, the ALJ's decision is in error. On remand, the ALJ should reassess the severity of plaintiff's psoriasis, giving particular attention to plaintiff's medical records, testimony about the disabling nature of his symptoms, and photographs of his condition.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 21) is **accepted as modified herein**. The Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 9th day of March, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE